<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DREW MCLEOD, | : | |
| Petitioner, | : | Civ. No. 06-669 (GEB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| Respondent. | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of *pro se* petitioner Drew McLeod ("Petitioner") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This Court will deny the petition on all grounds based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78.

I.   BACKGROUND

On August 19, 2004, a grand jury in the District of New Jersey issued a six-count superseding indictment charging Petitioner with various counts of conspiracy and possession with intent to distribute cocaine and cocaine base, that is, crack cocaine. (Gov.'s Br. Ex. A ("Superseding Indictment") at 1-9.) The Government offered as evidence audio recordings obtained via wire-tapping the phone of a co-conspirator. (Petr.'s Reply Br. Exs. C and C1.) The wire-tapping was authorized pursuant to an Amended Order dated May 10, 2004 and an Order dated June 9, 2004. (Gov.'s Br. Exs. F and G.) From these recordings, the Government alleged that Petitioner, under the alias "Infinite," communicated with a co-conspirator for the purpose of purchasing cocaine. (Superseding Indictment at 1-4.) In an earlier indictment, Petitioner's voice had been attributed to Tyshaun Bolden, who also used the alias "Infinite." (Gov.'s Br. at 17; *see*

*also* Petr.'s Reply Br. at 1-2.)

On October 25, 2004, Petitioner pleaded guilty to a one-count Information that charged Petitioner with knowingly and intentionally possessing more than five grams but less than twenty grams of crack cocaine in violation of 21 U.S.C. § 844(a).  (Judgment, Feb. 24, 2005; Audio Recording:  Hearing in *United States v. Foster*, Crim. No. 04-554 (Oct. 25, 2004) (on file with the Court) ("Plea Hearing Recording").)  The violation to which Petitioner pleaded guilty carries a statutory minimum prison sentence of five years and a maximum of twenty years.  (Plea Hearing Recording.)  As a result of the plea, the superseding indictment charging conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841 was dismissed.  (*Id.*)  In addition, Petitioner agreed to waive his right to appeal or collaterally attack his conviction, specifically waiving the right to a 28 U.S.C. § 2255 motion.  (*Id.*)

On February 14, 2005, this Court sentenced Petitioner to a seventy month term of imprisonment.  (Audio Recording:  Hearing in *United States v. Foster*, Crim. No. 04-554 (Feb. 14, 2005) (on file with the Court) ("Sentencing Hearing Recording").)  The guideline range for imprisonment was ninety-two to one hundred and fifteen months.  (*Id.*)  The guideline range was derived from Petitioner's total offense level of twenty-three and criminal history category of VI. (*Id.*) Petitioner's original offense level was twenty-six before receiving a two-level reduction for his plea and a one-level reduction for the timeliness of the plea.  (Plea Hearing Recording.) Petitioner's criminal history category was based on his prior convictions, including two resulting from arrests on November 15, 1992 and November 13, 1993 for possession of controlled dangerous substances.  (Gov.'s Br. Ex. D ("PSR") ¶¶ 129, 138.)  At sentencing, this Court decided to depart downward two criminal history categories, resulting in a criminal history category of IV.  (Sentencing Hearing Recording.)  The downward departure resulted in a guideline range of imprisonment of seventy to eighty-seven months.  (*Id.*)

On February 15, 2006, Petitioner filed the present motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Petitioner's motion is based on claims of ineffective

2

assistance of counsel both before he entered his guilty plea and during sentencing.

## II.     DISCUSSION

### A.     Standard of Review for 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct or set aside a sentence that:

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, "Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted).  Moreover, if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation.  *Henry v. United States*, 913 F. Supp. 334, 335 (M.D. Pa.), *aff'd*, 96 F.3d 1435 (3d Cir. 1996).  *See also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in *United States v. Frady*, 456 U.S. 152 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").  However, a petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for the first time in a collateral attack.  *DeRewal*, 10 F.3d at 104.

### B.     Reviewing Ineffective Assistance of Counsel Claims

Petitioner's claim is based solely on arguments of ineffective assistance of counsel.  The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." *Strickland v.*

3

*Washington*, 466 U.S. 668, 684 (1984).  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> First, . . . that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.* at 697.  The "prejudice" prong of the *Strickland* test requires the court to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691.

### C.  Petitioner's Arguments

Petitioner contends that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment, and advances several arguments.  First, Petitioner claims that counsel failed to move to strike the superseding indictment, which he claims improperly included him as a defendant.  Second, Petitioner claims that counsel failed to move to suppress audio recordings of six intercepted communications.  Third, Petitioner claims counsel failed to request that the Government produce evidence of the cocaine that he allegedly purchased.  Fourth, Petitioner claims that competent counsel would not have allowed Petitioner to plead guilty to conspiracy instead of a lesser offense.  Fifth, Petitioner claims that counsel failed to object during sentencing when two prior convictions were not consolidated into one for the purpose of calculating criminal history points.  Finally, Petitioner claims that counsel failed to review the PSR and

object to the inclusion of criminal history points for two prior convictions because certified copies of those convictions were not attached to the PSR.

        **D.**      **Petitioner's Arguments Concerning Events Prior to the Plea**

            **1.**      **Counsel's Failure to Strike the Superseding Indictment**

Petitioner argues that counsel should have moved to strike the superseding indictment because the original indictment and complaint did not directly or indirectly include Petitioner. (Petr.'s Reply Br. at 3.) Petitioner relies on *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996), to argue that counsel is required to make an independent investigation of the facts before providing an informed opinion to the client. (*Id.*)

The Government argues that Petitioner has waived his right to challenge the conviction by entering a plea of guilty. (Gov.'s Br. at 8.) The Government relies on *United States v. Broce*, 488 U.S. 563 (1989), to argue that a defendant who pleads guilty waives his right to challenge his conviction on any non-jurisdictional grounds other than the voluntariness of his plea. (*Id.*) The Government argues that Petitioner's plea prevents him from claiming ineffective assistance of counsel. (*Id.*)

The Government also responds to Petitioner's indictment argument by referring to the superseding indictment from August 19, 2004, which includes Petitioner's name. (Superseding Indictment at 1.) The Government argues that while Petitioner's name was not included in the original indictment, it appears in the superseding indictment, and Petitioner has asserted no factual or legal basis for striking the superseding indictment. (Gov.'s Br. at 17.) Although the phone communications were originally attributed to Tyshaun Bolden, they were properly attributed to Petitioner in the superseding indictment. (*Id.*) The Government argues that since Petitioner has asserted no basis for striking the superseding indictment, he has failed to meet his burden of showing that it would have been successful. (*Id.* at 17-18.)

The Court agrees with the Government that the waiver provision of Petitioner's plea

agreement should be enforced. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). "To avoid dismissal of appeal, Defendant must show why [the Court] should not enforce the waiver provision of the plea agreement." *Id.* (internal quotations omitted). During the plea hearing, Petitioner agreed to the stipulations set out in the plea agreement, which stated that he voluntarily waives the right to file an appeal or collaterally attack his sentence, including but not limited to a motion under 28 U.S.C. § 2255. (Plea Hearing Recording.) Petitioner fails to explain why the Court should find his waiver to be unknowing or involuntary. The Court will therefore enforce Petitioner's waiver of his right to challenge his sentence in the present motion.

Moreover, even if Petitioner did not waive his right to challenge his sentence, the Court agrees with the Government that counsel was not ineffective for failing to move to strike the indictment. The superseding indictment properly names Petitioner as the voice of the alias "Infinite" in the wire-tapped telephone communications. (Superseding Indictment at 1.) Since Petitioner has failed to show any basis for striking the superseding indictment, he has failed to show either deficient performance by counsel or any prejudice. Therefore, counsel was not ineffective in this regard.

### 2.   Counsel's Failure to Suppress Intercepted Communications

Next, Petitioner argues that since he was not identified in the application for the wire-tapping authorization, counsel was ineffective for failing to suppress the six intercepted communications presented as evidence against him. (Petr.'s Br. at 5-6.) It appears that Petitioner is referring to the May 10, 2004 Amended Order authorizing the wire-tapping. Petitioner claims that the authorization named five target interceptees, none of whom were Petitioner. (*Id.*) Petitioner notes that a second category of individuals are identified as "subjects," but maintains that the term refers to two named individuals and not to Petitioner. (*Id.* at 6.) Petitioner also claims that the wire-tapping authorization was intended to apply only to retail sellers of cocaine,

6

and that it therefore did not apply to him because he was not identified as a retail seller. (*Id.* at 6-7.) Petitioner next contends that all other evidence, such as surveillance audio, video, and photographs, was derived from the intercepted communications and should have likewise been suppressed. (*Id.* at 5, 9.) Finally, Petitioner argues that the Government's initial attribution of these communications to Tyshaun Bolden shows that the Government never had any probable cause to monitor Petitioner. (*Id.* at 8.) For these reasons, Petitioner argues that counsel could have successfully moved to suppress the evidence and was ineffective for not doing so. (*Id.* at 9.)

The Government responds by emphasizing that Petitioner has the burden of proving that a motion to suppress would have succeeded. (Gov.'s Br. at 15.) The Government claims that such a motion would have been unsuccessful because the wiretap orders in question define "subjects" as including "others yet unknown," which encompasses all other individuals, including Petitioner. (*Id.*) The Government argues that although Petitioner was not identified by name, this does not preclude him from being included as one of the "others yet unknown." (*Id.*)

As explained above, the Government also argues that Petitioner's voluntary guilt plea renders him unable to seek relief based on claims of ineffective assistance of counsel. (*Id.* at 16.) The Court agrees. Moreover, even if it did not, the Court agrees with the Government that Petitioner has failed to prove that counsel was ineffective in this regard. First, the case never proceeded to trial because Petitioner entered a guilty plea on October 25, 2004. (Plea Hearing Recording.) Petitioner fails to explain when counsel should have moved to suppress the evidence. Second, Petitioner has failed to show that a motion to suppress evidence of the intercepted communications would have succeeded. The wiretap communications were legally gathered pursuant to the authorizations, and Petitioner is appropriately included as "others yet unknown" in those authorizations. (Gov.'s Br. Exs. F at 2 and G at 2.) Therefore, counsel was not ineffective for failing to move to suppress the evidence of the intercepted communications.

7

### 3.     Counsel's Failure to Request that the Government Provide Evidence of the Cocaine

Petitioner argues that counsel was ineffective for failing to request that the Government provide the evidence of the cocaine that he allegedly purchased. (Petr.'s Br. at 9-10.) Petitioner states that pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the Government was required to produce the fifteen kilograms of cocaine and five hundred grams of cocaine base alleged in the superseding indictment or be barred from using that evidence at trial. (*Id.* at 9.) Petitioner argues that he should have been allowed to inspect any objects that the Government had in its possession that were either material to the preparation of his defense or would have been an exhibit in the Government's case. (*Id.* at 9-10.) Petitioner also claims that the amounts revealed by the Government in discovery were far less than the amounts alleged in the indictment and that the Government should have removed those amounts from the indictment unless it produced the stated amounts. (*Id.* at 10.)

The Court disagrees with Petitioner's claim that counsel was ineffective in this respect. Petitioner references Federal Rule of Criminal Procedure 16(a)(1)(E), which states:

> **(E) Documents and Objects.**  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> **(i)** the item is material to preparing the defense;
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
> **(iii)** the item was obtained from or belongs to the defendant.

Since the Government is required to produce the evidence only when requested, Petitioner must show that counsel committed a serious error in failing to request the evidence in order to satisfy the first part of the *Strickland* test. Petitioner has failed to explain, however, why counsel should have made such a request. Petitioner has not claimed, for example, that the Government's allegations were untrue or that he relied on them before pleading guilty. (*See* Petr.'s Br. at 9-10.) Additionally, Petitioner has failed to show resulting prejudice from the alleged error as required

by the second part of the *Strickland* test.  Petitioner pleaded guilty to possession of more than five grams but less than twenty grams of cocaine base, which charge was not based on the fifteen kilograms of cocaine and five hundred grams of cocaine base that he argues should have been presented.  (Plea Hearing Recording.)  Therefore, counsel was not ineffective for failing to request that the Government produce the evidence of the cocaine.

### 4. Counsel Allowing Petitioner to Plead Guilty to Conspiracy

Petitioner next argues that competent counsel would not have allowed him to plead guilty to conspiracy rather than to a lesser charge.  (Petr.'s Reply Br. at 4.)  Petitioner claims that the intercepted telephone call established at most a single buyer-seller episode.  (*Id.*)  Petitioner argues that a single episode with a conspirator does not make him a part of the conspiracy.  (*Id.*)  Petitioner claims that counsel was deficient for failing to inform him that the sole evidence that the Government possessed was the intercepted phone call, which he argues is insufficient to establish guilt of the crimes charged.  (*Id.* at 4-6.)  Petitioner asserts that he relied on counsel's advice and accepted the plea instead of proceeding to trial, and that doing so resulted in a sentence of seventy months instead of a significantly less severe sentence.  (*Id.* at 6.)  According to Petitioner, counsel's ineffectiveness prejudiced him and thus satisfied the second prong of the *Strickland* test.  (*Id.* at 5-6.)

The Court disagrees with Petitioner that counsel was ineffective for allowing him to plead guilty to conspiracy.  Petitioner claims that he pleaded guilty to conspiracy, yet during the Plea Hearing he did not plead guilty to a conspiracy charge.  (*See* Plea Hearing Recording.)  Instead, Petitioner pleaded guilty to possession of more than five grams but less than twenty grams of crack cocaine in violation of 21 U.S.C. § 844(a).  (*Id.*; Judgment, Feb. 24, 2005.)  Moreover, the Government specifically mentioned during the hearing that the charges in the superseding indictment were being dismissed and replaced by the Information to which Petitioner pleaded guilty.  (Plea Hearing Recording.)  Therefore, Petitioner did not plead guilty to – nor was

sentenced for – any conspiracy charge. Accordingly, the Court rejects Petitioner's argument based on allegations that counsel allowed Petitioner to plead guilty to conspiracy.

> E. **Petitioner's Arguments Concerning the Sentencing Proceeding**
>
> 1. **The 1992 and 1993 Convictions as Part of the Same Common Plan or Scheme**

Petitioner argues that counsel was ineffective for failing to move to consolidate two prior convictions into one during the calculation of criminal history points at sentencing. (Petr.'s Br. at 11-12.) Petitioner relies on U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(a)(2) to show that prior sentences are related if they are part of a single common scheme or plan. (*Id.* at 11.) Petitioner claims that these two convictions were related and should have been consolidated as one, and that he should have received three points total rather than three points for each offense. (*Id.* at 11-13.) Petitioner's support for this is unclear, but it appears that he believes that the PSR contains a typographical error. (*Id.* at 13.) Petitioner states that these arrests occurred on November 13, 1993 and November 15, 1993, despite the PSR listing them as having occurred on November 15, 1992 and November 13, 1993. (*Id.*)

The Government argues that counsel was not ineffective in this regard because these two convictions should not be treated as related causes pursuant to USSG § 4A1.2(a)(2). (Gov.'s Br. at 20-21.) The Government asserts that these two offenses actually occurred on November 15, 1992 and November 13, 1993. (*Id.*) The Government argues that since the first offense and arrest took place nearly one year before the second offense, they cannot be considered related offenses. (*Id.* at 21.)

The Court agrees with the Government that Petitioner has failed to show that the sentence would have been significantly less harsh had counsel raised the issue. Petitioner does not give any reason to believe that the November 15, 1992 date was a typographical error. Petitioner fails to explain, moreover, why the two crimes – committed nearly one year apart – should be treated as related. (PSR ¶¶ 129-30, 138-39.) Therefore, Petitioner's claim that these two prior

10

convictions should have been consolidated is meritless and counsel was not ineffective for failing to raise the issue at sentencing.

### 2. Counsel's Failure During Sentencing to Object to the Inclusion of Prior Convictions

Petitioner argues that counsel should have reviewed the PSR and objected to the inclusion of points for two prior convictions because certified copies of those convictions were not attached to the PSR. (Petr.'s Br. at 11-13.) Petitioner claims that these were unknown convictions that should not have been included in the calculation of points, but that ultimately resulted in a higher sentence. (*Id.*)

The Government claims that since Petitioner has not contested the prior convictions, he is unable to show the necessary prejudice. (Gov.'s Br. at 20.) In addition, the Government argues that there is no requirement that certified copies of convictions be attached or that criminal history points cannot be attributed unless such copies are attached. (*Id.*)

The Court agrees with the Government on both issues. First, Petitioner has not explained why counsel should have objected to the inclusion of these two convictions. Petitioner has not argued, for example, that he did not commit those offenses or that the descriptions of those prior offenses in the PSR were inaccurate. (*See* Petr.'s Br. at 11-13.) Second, Petitioner does not provide any basis for arguing that the Government was required to attach certified copies. (*Id.*) Therefore, counsel was not ineffective for failing to object to the inclusion of these two offenses, and Petitioner was not prejudiced by counsel's decision.

## III. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed. An appropriate form of Order is filed herewith.

Dated: July 5, 2007

                 s/ Garrett E. Brown, Jr.
                 GARRETT E. BROWN, JR., U.S.D.J.